IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| DOUGLAS KONOPASEK, | ) | |
|     304 South Ash | ) | |
|     Kellyville, OK 74039, | ) | |
| | ) | Case No. 2:17-CV-2681 |
|           Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| OZARK KENWORTH, INC. d/b/a MHC | ) | |
| KENWORTH, | ) | |
|     Serve Registered Agent: | ) | |
|     Capitol Corporate Services, Inc. | ) | |
|     700 SW Jackson St., Ste. 100 | ) | |
|     Topeka, KS 66603, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| O'DONNELL-WAY CONSTRUCTION | ) | |
| COMPANY, INC., | ) | |
|     Serve Registered Agent: | ) | |
|     John O'Donnell | ) | |
|     7321 High Drive | ) | |
|     Prairie Village, KS 66208, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| SETH BECKMAN, | ) | |
|     Serve at: | ) | |
|     16820 S. Ridgeview Road | ) | |
|     Olathe, KS 66062, | ) | |
| | ) | |
|           Defendants. | ) | |

## PLAINTIFF'S COMPLAINT FOR DAMAGES

**COMES NOW** Plaintiff Douglas Konopasek, by counsel, and for his claims against

Defendants, alleges and states as follows:

**PARTIES**

1.      Plaintiff Douglas Konopasek (hereinafter "Konopasek") is an adult resident of Kellyville, Oklahoma.

2.      Defendant Ozark Kenworth, Inc. d/b/a MHC Kenworth (hereinafter "Ozark") is a Missouri corporation authorized to conduct business in the State of Kansas and with its principal place of business located in Leawood, Kansas.

3.      Defendant O'Donnell-Way Construction Company, Inc. (hereinafter "O'Donnell") is a Kansas corporation authorized to conduct business in the State of Kansas and with its principal place of business located in Prairie Village, Kansas.

4.      Defendant Seth Beckman (hereinafter "Beckman") is an adult resident of Olathe, Kansas.

**AGENCY**

5.      At the time of the negligent acts and occurrences complained of herein and at all times mentioned, Defendant Ozark was acting by and through its actual, ostensible or apparent agents and employees.

6.      At the time of the negligent acts complained of herein and at all times mentioned, Defendant Ozark's actual and apparent agents and employees were acting within the course and scope of their employment.

7.      At the time of the negligent acts and occurrences complained of herein and at all times mentioned, Defendant O'Donnell was acting by and through its actual, ostensible or apparent agents and employees, including but not limited Defendant Beckman.

8.     At the time of the negligent acts complained of herein and at all times mentioned, Defendant O'Donnell's actual and apparent agents and employees, including but not limited to Defendant Beckman, were acting within the course and scope of their employment.

## VENUE AND JURISDICTION

9.     Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332(a) as the amount in controversy exceeds $75,000.00.  Further, Defendant Ozark is a citizen of Missouri, Defendants O'Donnell and Beckman are citizens of Kansas, Defendants Ozark and O'Donnell maintain their principal places of business in Kansas, and Plaintiff Konopasek is a citizen of Oklahoma.

10.     Defendants are also subject to the jurisdiction of this Court because of their transaction of business, making of contracts, owning, using or possessing real estate and commission of tortious acts in the State of Kansas.  Defendants are subject to the general jurisdiction of this Court in that they have substantial, continuous and systematic contacts with the State of Kansas through the sale of their services and products within the State of Kansas.  Furthermore, they regularly sell their products and services in Kansas, maintain business relationships with businesses in Kansas; have agents in Kansas and regularly advertise their products and services in Kansas.  Defendants are, therefore, subject to the jurisdiction of this Court and legally responsible for any judgment entered against them.

11.     Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b) because Defendant Ozark maintains a registered agent in the District of Kansas, Defendants O'Donnell and Ozark reside in Johnson County, Kansas which lies in the District of Kansas, Defendants Ozark and

O'Donnell maintain their principal places of business in the District of Kansas, and the acts or omissions complained of occurred in the District of Kansas.

**FACTS OF THE OCCURRENCE**

12.    In 2015, Defendant Ozark was responsible for routine maintenance of tractor-trailers owned by Hampel Oil, Inc.

13.    Hampel Oil, Inc. maintains its principal place of business at 2920 Fairfax Trafficway in Kansas City, Kansas.

14.    The maintenance of Hampel Oil, Inc. tractor-trailers was performed by Defendant Ozark at 1524 N. Corrington Ave. in Kansas City, Missouri.

15.    It was foreseeable to Defendant Ozark that the Hampel Oil, Inc. vehicles it maintained in Missouri would be operated in Kansas.

16.    Routine maintenance by Defendant Ozark included maintenance of the brakes on Hampel Oil, Inc. tractor-trailers.

17.    Among the vehicles that Defendant Ozark performed routine maintenance on was a 2004 Peterbilt Model #357, VIN #2NPALU0X04M817213 (hereinafter "the Peterbilt").

18.    On the last service appointment prior to December 8, 2015, Defendant Ozark generally serviced the Peterbilt but did not service the Peterbilt's brakes.

19.    At approximately 7:00 a.m. on December 8, 2015, Plaintiff Konopasek was driving a tractor-trailer southbound in the right lane of Roe Avenue in Overland Park, Kansas.

20.    At the same time, Defendant Beckman was driving Defendant O'Donnell's dump truck with a trailer northbound on Roe Avenue.

21.    Road conditions were clear and dry.

22.     Traffic flow was moderate on Roe Avenue at the time of the occurrence.

23.     As Plaintiff Konopasek approached the entrance to Roe Park on the west side of Roe Avenue, Defendant Beckman turned left directly in front of Plaintiff Konopasek's oncoming vehicle.

24.     Defendant Beckman made his left turn slowly into Roe Park.

25.     There was another vehicle in the left southbound lane of Roe Avenue next to Plaintiff Konopasek's vehicle.

26.     As Defendant Beckman's dump truck with a trailer proceeded with a left turn in front of Plaintiff Konopasek, Plaintiff applied the brakes on the Peterbilt to slow his speed.

27.     A low air alert alarm went off in the Peterbilt and Plaintiff Konopasek could not brake.

28.     The Peterbilt driven by Plaintiff Konopasek collided with Defendant Beckman's dump truck.

29.     Plaintiff Konopasek sustained injuries from the crash that have required extensive medical treatment.

### COUNT I
**Negligence**
**(Plaintiff v. Defendant Ozark)**

30.     At the time of the negligent acts and occurrences complained of herein and at all times mentioned, Defendant Ozark owed certain duties to Plaintiff Konopasek, including but not limited to the duty to act in a reasonable, cautious and prudent fashion in the maintenance and servicing of the Peterbilt tractor-trailer.

31.     The acts and omissions of Defendant Ozark are negligent and careless for the

5

following reasons:

    a.     Failure to service the Peterbilt's brakes;

    b.     Failure to properly service the Peterbilt's brakes;

    c.     Failure to recognize that the Peterbilt's brakes needed to be serviced;

    d.     Failure to properly maintain the Peterbilt;

    e.     Other negligent actions and omissions, which will be supplemented after discovery.

32.     Upon information and belief, Plaintiff was unable to determine that his injuries were caused by the negligent act(s) of Defendant Ozark until after the crash occurred.

33.     As a direct and proximate result of Defendant Ozark's negligence in the maintenance of the motor vehicle, Plaintiff suffered physical injuries that required health care treatment and medical expenses and will likely require additional health care treatment and medical expenses in the future.  Plaintiff's damages are ongoing and permanent.

34.     As a direct and proximate result of Defendant Ozark's negligence in the maintenance of the motor vehicle, Plaintiff experienced and continues to experience substantial pain, suffering and mental anguish.

35.     As a direct and proximate result of Defendant Ozark's negligence in the maintenance of the motor vehicle, Plaintiff has suffered lost wages from being unable to work.

36.     As a direct and proximate result of Defendant Ozark's negligence in the maintenance of the motor vehicle, Plaintiff has suffered loss of enjoyment of life and lost household services.

37.     As a direct and proximate result of Defendant Ozark's negligence in the maintenance of the motor vehicle, Plaintiff's spouse has also suffered loss of consortium, services, attention, care and guidance as a result of plaintiff's severe and permanent personal injuries and disability.

38.     As a direct and proximate result of Defendant Ozark's negligence in the maintenance of the motor vehicle, Plaintiff suffered damages in excess of $75,000.00.

WHEREFORE, Plaintiff Konopasek requests this Court grant Judgment in his favor and against Defendant Ozark and for compensatory damages in excess of $75,000.00, for taxable court costs, post-judgment interest and any other remedy as this Court deems just and proper.

**COUNT II**
**Negligence**
**(Plaintiff v. Defendants O'Donnell and Beckman)**

39.     At the time of the negligent acts and occurrences complained of herein and at all times mentioned, Defendant Beckman was an employee of Defendant O'Donnell.

40.     At the time of the negligent acts and occurrences complained of herein and at all times mentioned, Defendant Beckman was acting within the course and scope of his employment with Defendant O'Donnell.

41.     At the time of the negligent acts complained of herein and at all times mentioned, Defendants O'Donnell and Beckman owed Plaintiff a duty to operate the motor vehicle using the highest degree of care so as not to injure motorists or cause Plaintiff's injuries while utilizing a public roadway in Kansas.

42.     The acts and omissions of Defendants O'Donnell and Beckman are negligent and careless for the following reasons:

a.     Failure to yield the right of way while making a left turn;

b.     Failure to maintain a proper lookout for other vehicles on the roadway;

c.     Inattentive operation of a motor vehicle;

d.     Operation of a motor vehicle in an incompetent state of driving;

e.     Failure to keep a motor vehicle under control;

f.     Failure to drive within a range of vision in order to avoid colliding with other vehicles on the roadway;

g.     Failure to take evasive action;

h.     Careless driving;

i.     Reckless driving;

j.     Upon information and belief, talking, texting, or attempting to use a GPS device on a cellular phone or other PDA device, thereby distracting Defendant Beckman's attention from the traveled roadway and other traffic;

k.     Negligence and negligence per se for the violation of laws, ordinances, and statutes of the state of Kansas;

l.     Other negligent actions and omissions, which will be supplemented after discovery.

43.     As a direct and proximate result of Defendants O'Donnell and Beckman's negligence in the operation of the motor vehicle, Plaintiff Konopasek suffered physical injuries that required health care treatment and medical expenses and will likely require additional health care treatment and medical expenses in the future.  Plaintiff's damages are ongoing and permanent.

44.     As a direct and proximate result of Defendants O'Donnell and Beckman's negligence in the operation of the motor vehicle, Plaintiff Konopasek experienced and continues to experience substantial pain, suffering and mental anguish.

45.     As a direct and proximate result of Defendants O'Donnell and Beckman's negligence in the operation of the motor vehicle, Plaintiff Konopasek has suffered lost wages from being unable to work.

46.     As a direct and proximate result of Defendants O'Donnell and Beckman's negligence in the operation of the motor vehicle, Plaintiff Konopasek has suffered loss of enjoyment of life and lost household services.

47.     As a direct and proximate result of Defendants O'Donnell and Beckman's negligence in the operation of the motor vehicle, Plaintiff's spouse has also suffered loss of consortium, services, attention, care and guidance as a result of plaintiff's severe and permanent personal injuries and disability.

48.     As a direct and proximate result of Defendants O'Donnell and Beckman's negligence in the operation of the motor vehicle, Plaintiff Konopasek suffered damages in excess of $75,000.00.

WHEREFORE, Plaintiff Konopasek requests this Court grant Judgment in his favor and against Defendants O'Donnell and Beckman and for compensatory damages in excess of $75,000.00, for taxable court costs, post-judgment interest and any other remedy as this Court deems just and proper.

## REQUEST FOR JURY TRIAL

Plaintiff hereby requests a trial by jury in this matter.


Respectfully submitted,

**VOTAVA NANTZ & JOHNSON, LLC**

**BY:  _/s/ Brett Votava_**
**BRETT VOTAVA            KS #20655**
**9237 Ward Parkway, Suite 240**
**Kansas City, MO 64114**
**(816) 895-8800**
**(816) 895-8801    FAX**
bvotava@vnjlaw.com
**ATTORNEYS FOR PLAINTIFF**