IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DOUGLAS KONOPASEK, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>OZARK KENWORTH, INC, et al., )<br>)<br>Defendants. )<br>_____) | CIVIL ACTION<br><br>No. 17-2681-KHV |

## MEMORANDUM AND ORDER

On November 30, 2017, plaintiff Douglas Konopasek filed suit against defendants Ozark Kenworth, Inc. ("Ozark"), O'Donnell-Way Construction Company Inc. ("O'Donnell-Way") and Seth Beckman. Plaintiff's Complaint For Damages (Doc. #1). Plaintiff asserts that Ozark provided negligent maintenance of a motor vehicle (Count 1) and seeks recovery from O'Donnell-Way and Beckman for negligent operation of that vehicle (Count 2). Id., ¶¶ 5, 14-18, 20, 30-36, 40-42. This matter is before the Court on the Motion To Dismiss Of Defendants O'Donnell-Way Construction Company, Inc. And Seth Beckman, With Suggestions In Support (Doc. #11) filed January 19, 2018. For reasons below, the Court overrules defendants' motion to dismiss.

### Factual And Procedural Background

Highly summarized, plaintiff alleges the following. On December 8, 2014, he was driving a tractor-trailer southbound on Roe Avenue in Overland Park, Kansas. Complaint (Doc. #1), ¶ 19. At the same time, Beckman was driving a dump truck northbound on Roe Avenue. Id., ¶ 20. Beckman made a left turn, crossing into the southbound lanes directly in front of plaintiff. Id., ¶ 23. When plaintiff attempted to brake, he received a low air alert. Id., ¶ 27. The tractor-trailer did not stop, and it collided with the dump truck. Id., ¶ 28. As a result of the accident, plaintiff suffered

injuries that required extensive medical treatment. Id., ¶ 29. Plaintiff's employer apparently owned the tractor-trailer. Id., ¶¶ 16-19. Both plaintiff and Beckman were driving in the course of their employment. Id., ¶¶ 7-8. 17-19.

As stated, on November 30, 2017, plaintiff filed suit against Ozark – the company that performed maintenance on the tractor-trailer – plus Beckman and his employer O'Donnell-Way. Plaintiff asserts that Ozark provided negligent maintenance on the tractor-trailer by failing to service its brakes at an appointment before the accident (Count 1). Id., ¶¶ 5, 14-18, 30-36. Plaintiff also asserts that Beckman negligently operated a motor vehicle within the scope of his employment for O'Donnell-Way (Count 2). Id., ¶¶ 6-8, 20, 40-42. Plaintiff, a citizen of Oklahoma, alleges that the Court has diversity jurisdiction because he seeks more than $75,000 and sues residents of Missouri (Ozark) and Kansas (O'Donnell-Way and Beckman). Id., ¶ 9; 28 U.S.C. § 1332(a).

**I.     District Court Of Johnson County, Kansas Proceedings**

On March 31, 2017, approximately eight months before plaintiff filed suit in this Court, Farmland Mutual Insurance Company ("Farmland") – which insured plaintiff's employer – filed suit in the District Court of Johnson County, Kansas. Motion To Dismiss (Doc. #11), ¶¶ 4-14 (describing Farmland Mut. Ins. Co. v. Beckman, Case No. 17-CV-01890); see Petition For Damages (Doc. #11-1). In that suit, which remains pending, Farmland asserts that plaintiff's employer owned the tractor-trailer and that O'Donnell-Way and Beckman negligently damaged it. See Petition For Damages (Doc. #11-1), ¶¶ 9-12 (Farmland paid for repair of tractor-trailer and seeks repair costs – not declaratory relief – from O'Donnell-Way and Beckman).

On May 15, 2017, O'Donnell-Way and Beckman filed a third-party complaint against plaintiff and his employer, claiming contributory negligence. See Separate Answer And Third-Party

Petition Of Defendant O'Donnell-Way Construction Company, Inc. (Doc. #11-2).  On August 16, 2017, plaintiff and his employer filed a joint answer to the third-party complaint.  See Answer Of Third-Party Defendants Hampel Oil, Inc. And Doug Konopasek (Doc. #11-3).  On December 8, 2017, eight days after plaintiff filed this instant suit, he amended his state court answer to include negligence counterclaims against O'Donnell-Way and Beckman and to add Ozark as a fourth-party defendant.  See Amended Answer Of Third-Party Defendant Doug Konopasek, Counterclaim And Fourth Party Petition (Doc. #11-4) at 4-11.

On February 2, 2018, plaintiff filed a motion to dismiss the third-party complaint in Johnson County for insufficient service and expiration of the statute of limitations.  Third-Party Defendant Doug Konopasek's Motion To Dismiss Third-Party Petitioner And Suggestions In Support (Doc. #15-1).  In particular, plaintiff claims that without his authorization, an attorney who represents Farmland and his employer filed an answer and amended answer in the state case.  Id. at 2, ¶¶ 4-9.  Plaintiff asserts that he had retained his own attorney to pursue his personal injury claims and did not learn of the Johnson County suit until December 7, 2017 – one week after he filed suit in this Court.  Id. at 2, ¶ 9.  On March 21, 2018, the Johnson County court heard argument on this motion.  Plaintiff's Opposition To Defendants O'Donnell-Way Construction Company, Inc. And Seth Beckman's Motion To Dismiss (Doc. #15) filed February 2, 2018 at 2, ¶ 9.  Because the parties have not indicated otherwise, the Court presumes that the motion remains pending.

## II.  Motion To Dismiss (Doc. #11)

On January 19, 2018, O'Donnell-Way and Beckman moved to dismiss Count 2 – the sole claim which plaintiff asserts against them in this suit – based on two arguments.[1]  Motion To Dismiss (Doc. #11) at 5-9.  First, defendants argue that plaintiff cannot maintain Count 2 because he failed to raise negligence as a compulsory counterclaim in the Johnson County suit.  Id. at 5-6.  Second, defendants assert that the Court should dismiss Count 2 based on its "longstanding practice of declining jurisdiction in a second-filed action under the first-to-file rule."  Id. at 4, 6-8.  In response, plaintiff asserts that the Court has diversity jurisdiction.  Plaintiff's Opposition (Doc. #15) at 2-4.  Further, he argues that because he never received proper service of the third-party complaint in the Johnson County suit, the compulsory counterclaim rule cannot bar Count 2.  Id. at 4-5.

### **Legal Standards**

Defendants move to dismiss Count 2 under Rule 12(b)(1), Fed. R. Civ. P., for lack of subject matter jurisdiction.  See Motion To Dismiss (Doc. #11) at 4.  Federal courts must have a constitutional basis to exercise jurisdiction because they are courts of limited jurisdiction.  Devon Energy Prod. Co., v. Mosaic Potash, 693 F.3d 1195, 1201 (10th Cir. 2012).  The party seeking to invoke federal jurisdiction bears the burden of establishing that jurisdiction is proper.  Id.

Generally, a Rule 12(b)(1) motion to dismiss takes one of two forms: a facial attack or a factual attack.  Holt v. United States, 46 F.3d 1000, 1002-03 (10th Cir. 1995).  In a factual attack, the moving party does not attack the sufficiency of the complaint but asserts that the Court lacks subject matter jurisdiction based on facts outside of the pleadings.  Id. at 1003.  Here, defendants

---

[1]  Ozark did not join O'Donnell-Way and Beckman in moving to dismiss the claim against it.  For ease of reference, the rest of this order refers to O'Donnell-Way and Beckman as "defendants."

challenge the facts on which subject matter jurisdiction depend, i.e. whether the Court maintains jurisdiction in light of a prior-filed state court lawsuit. When reviewing a factual attack, the Court has wide discretion to consider affidavits, other documents and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1). Id.

## Analysis

As noted, defendants argue that plaintiff cannot maintain Count 2, which asserts negligent operation of a motor vehicle, because he failed to raise negligence as a compulsory counterclaim in the Johnson County action. Motion To Dismiss (Doc. #11) at 6 (citing K.S.A. § 60-213(a)). This argument asserts a form of preclusion. The Supreme Court has noted that "preclusion . . . is not a jurisdictional matter." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 293 (2005). Thus, this argument is not proper grounds for dismissal under Rule 12(b)(1). Alternatively, as shown below, this argument lacks merit.

Also, defendants move the Court to decline jurisdiction over Count 2 pursuant to the first-to-file rule. Motion To Dismiss (Doc. #11) at 6-8. This argument does not directly challenge subject matter jurisdiction, but parties may raise abstention arguments under Rule 12(b)(1). Hill v. Whetsel, No. Civ.-07-69-C, 2007 WL 963216, at *1 n.1, (W.D. Okla. Mar. 28, 2007); see Beres v. Huntley, Illinois, 824 F. Supp. 763, 766 (N.D. Ill. 1992) (12(b)(1) "appropriate method" for raising issue of abstention); see Charles Alan Wright & Arthur R. Miller, 5B Federal Practice And Procedure § 1350 (3d ed. 2017) ("Rule 12(b)(1) is flexible").

### I.  Compulsory Counterclaim

Defendants assert that plaintiff's negligence claim was a compulsory counterclaim in the Johnson County suit because it arose out of the same transaction as the claims against plaintiff in

that action. Motion To Dismiss (Doc. #11) at 5-6. Defendants argue that because plaintiff did not raise a negligence counterclaim in Johnson County, his claim in this instant suit should be barred. Id.

State law governs the preclusive effect of failure to raise a compulsory counterclaim in an earlier state court action. Glasgow v. Eagle Pac. Ins. Co., 45 F.3d 1401, 1402-03 (10th Cir. 1995); Pochiro v. Prudential Ins. Co., 827 F.2d 1246, 1253 (9th Cir. 1987). Under K.S.A. § 60-213(a)(1), the Kansas statute which governs compulsory counterclaims, a party must assert a counterclaim if it arises out of the transaction that is the subject matter of the opposing party's claim and does not require joinder of a party who is not subject to the court's jurisdiction. While K.S.A. § 60-213 does not explicitly provide that failure to plead a compulsory counterclaim precludes a party from asserting it in a subsequent action, Kansas courts have consistently applied the statute in that fashion. See, e.g., Loving v. Fed. Land Bank of Wichita, 766 P.2d 802, 804-05, 244 Kan. 96, 99-100 (1988); Mohr v. State Bank of Stanley, 734 P.2d 1071, 1079, 241 Kan. 42, 51 (1987); U.S. Fid. & Guar. Co. v. Maish, 908 P.2d 1329, 1334, 21 Kan. App. 2d 885, 890 (1995).

The record belies defendants' assertion that plaintiff did not raise a negligence counterclaim in Johnson County. As noted, plaintiff asserted a negligence counterclaim against defendants in his amended answer to the third-party complaint. See Amended Answer Of Third Party Defendant Doug Konopasek (Doc. #11-4) at 5-7. In fact, defendants' motion to dismiss acknowledges that "[Plaintiff] has now sought leave to file a [c]ounterclaim. That [c]ounterclaim also seeks to recover against O'Donnell-Way and Beckman for negligence from the motor vehicle accident on December 8, 2015." Motion To Dismiss (Doc. #11) at 6 n.1. Because plaintiff asserted a negligence

-6-

counterclaim against defendants in Johnson County, K.S.A. § 60-213(a) does not bar Count 2 in this instant suit. Accordingly, the Court overrules defendants' motion to dismiss on this ground.[2]

**II.     First-To-File**

Defendants assert that the Court should stay or dismiss this suit pursuant to the first-to-file rule. Motion To Dismiss (Doc. #11) at 6-8. The first-to-file rule "permits a district court to decline jurisdiction where a complaint raising the same issues against the same parties has previously been filed in another district court." Buzaz Baseball, Inc. v. Bd. of Regents of Univ. Sys. of Ga., 189 F.3d 47 (Table), 1999 WL 682883, at *2 (10th Cir. Sept. 2, 1999). The rule prevents federal district courts from interfering with each other's affairs. Id.; Universal Premium Acceptance Corp. v. Oxford Bank & Trust, No. 02-2448-KHV, 2002 WL 31898217, at *1 (D. Kan. Dec. 10, 2002). This policy avoids the waste of duplication, rulings which may intrude on the authority of sister courts and piecemeal resolution of issues that call for a uniform result. Buzas Baseball, 1999 WL 682883, at *2 (citing Sutter Corp. v. P & P Indus., 125 F.3d 914, 917 (5th Cir. 1997)); see also Lipari v. U.S. Bancorp, 345 F. App'x 315 (Table), 2009 WL 2055125, at *1 (10th Cir. July 16, 2009) (first-to-file rule applies where two district courts have jurisdiction over same controversy); Wallace B. Roderick Revocable Living Trust v. XTO Energy, Inc., 679 F. Supp. 2d 1287, 1296 (D. Kan. 2010) (Tenth Circuit applies first-to-file rule where complaints raise same issues against substantially similar parties previously filed in another district court).

---

[2] Further, plaintiff's status in the Johnson County suit remains unclear due to his pending motion to dismiss the third-party complaint. See Third-Party Defendant Doug Konopasek's Motion To Dismiss (Doc. #15-1), ¶¶ 4-5. Plaintiff asserts that he did not receive service of the third-party complaint. Id. If this assertion is true, the compulsory counterclaim rule – which only penalizes parties who had an opportunity to assert compulsory counterclaims – would not bar Count 2. See U.S. Fid. & Guar. Co., 908 P.2d at 1339, 21 Kan. App. 2d at 898-99.

Defendants overlook a basic principle of the first-to-file rule, i.e. it applies only to suits in coordinate federal district courts. See Buzas Baseball, Inc., 1999 WL 682883, at *2 (first-to-file rule applies to federal courts of "coordinate jurisdiction and equal rank"); see Mid-Continent Cas. Co. v. Vill. at Deer Creek Homeowners Ass'n, Inc., 685 F.3d 977, 985 (10th Cir. 2012) (first-to-file rule not directly applicable to parallel state and federal proceedings); Mid-Continent Cas. Co. v. Greater Midwest Builders, Ltd., No. 09-2066-EFM, 2011 WL 5597329, at *4 (D. Kan. Nov. 17, 2011) (first-to-file rule does not apply when parallel actions in state and federal court); contra CZ-USA, Inc. v. Timber Valley Assocs., Inc., No. 12-2173-RDR, 2012 WL 3442105, at *3 (D. Kan. Aug. 14, 2012) (acknowledging first-to-file applies to federal courts, but applying it to parallel state and federal court suits). Because defendants seek dismissal based on a prior-filed state court action, the first-to-file rule does not apply. The Court overrules defendants' motion on this ground.

Federal courts commonly dismiss or stay proceedings under the Colorado River doctrine, which governs whether a federal court should stay or dismiss a suit pending resolution of a parallel state court proceeding. Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817-19 (1976); see also Rienhardt v. Kelly, 164 F.3d 1296, 1302 (10th Cir. 1999). In briefing their motion, defendants do not invoke or cite the Colorado River doctrine. The Court declines to construct arguments for defendants and does not address whether to dismiss or stay on those grounds.

**IT IS THEREFORE ORDERED** that the Motion To Dismiss Of Defendants O'Donnell-Way Construction Company, Inc. And Seth Beckman, With Suggestions In Support (Doc. #11) filed January 19, 2018 is **OVERRULED**.

Dated this 11th day of April, 2018 at Kansas City, Kansas.

s/ Kathyrn H. Vratil
KATHRYN H. VRATIL
United States District Judge